■ JAMES MASON, Respondent, v. CITY OF NEW YORK et al., Defendants, and EDWARD HEFFNER et al., Doing Business as HEFFNER'S BAR & GRILL, Appellants.— Judgment in favor of plaintiff unanimously reversed, on the facts and the law, and the complaint dismissed as against defendants-appellants, with $50 costs and disbursements to appellants. Plaintiff, a beer salesman, who had been visiting the premises of defendants-tenants for 15 years, fell on the sidewalk while leaving on July 13, 1962. Defendants-appellants had been a tenant for but two months prior to the accident. There had been no evidence of prior accidents. The landlord-owner has already settled with plaintiff for the sum of $10,000. In our view there can be no ultimate liability as to defendants-tenants; the lease did not extend to the sidewalk; the defendants as tenant cannot be liable for sidewalk defects not caused by them, of which they were unaware, and which were not built to accommodate them or under their control. If we did not

dismiss the complaint, we would reverse and order a new trial on the grounds (1) that the court erred in refusing to charge as requested by appellants that *after repairs* were admissible only on the issue of operation and control, (2) it was improper to have permitted testimony regarding the grate when this item was not presented in the bill of particulars, (3) error was present in that portion of the Judge's charge wherein it was stated that the tenant was liable for the sidewalk area contiguous to the entrance, (4) inadequacy of the charge with reference to effect of settlement with the landlord, (5) that the verdict is against the weight of the evidence, and (6) the verdict is excessive. Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and McNally, JJ.